IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| **ANDRE HARRIS**, an individual, ) <br> **ANDRE SMITH**, an individual, ) <br> **EDWARD CLARK**, an individual, ) <br> **MAURICE HENRY**, an individual, ) <br> **MICHAEL ANDERSON**, an individual, ) <br> **SHERMAN PETERSON**, an individual, ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **COMCAST CORPORATION and** ) <br> **COMCAST CABLE** ) <br> **COMMUNICATIONS MANAGEMENT,** ) <br> **LLC** ) <br> ) <br> **Defendants.** ) | Case No. 15-cv-7611 <br><br> **(JURY TRIAL DEMANDED)** |

## COMPLAINT

Plaintiffs ANDRE HARRIS ("Harris"), ANDRE SMITH ("Smith"), EDWARD CLARK, ("Clark"), MAURICE HENRY ("Henry"), MICHAEL ANDERSON ("Anderson"), and SHERMAN PETERSON ("Peterson") (collectively, "Plaintiffs") by and through their counsel, bring claims pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. (the "FLSA"), Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. (the "IMWL"), and Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq*. (the "IWPCA") against Defendants, its subsidiaries and affiliates, and allege, upon personal belief as to themselves and their own acts, and as for all other matters, upon information and belief, and based upon the investigation made by their counsel, as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer ... in any Federal or State court of competent jurisdiction."

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants reside in and do business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

5. Andre Harris is a resident of Illinois and worked for Defendants as a non-exempt service technician during the applicable statute of limitations period.

6. Andre Smith is a resident of Illinois and worked for Defendants as a non-exempt service technician during the applicable statute of limitations period.

7. Edward Clark is a resident of Illinois and worked for Defendants as a non-exempt service technician during the applicable statute of limitations period.

8. Maurice Henry is a resident of Illinois and worked for Defendants as a non-exempt service technician during the applicable statute of limitations period.

9. Michael Anderson is a resident of Illinois and worked for Defendants as a non-exempt service technician during the applicable statute of limitations period.

10. Sherman Peterson is a resident of Illinois and worked for Defendants as a non-exempt service technician until August of 2011 and as a non-exempt line technician thereafter during the applicable statute of limitations period.

11. Plaintiffs were employed by Defendants as an "employees," as defined by section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

12. Defendants Comcast Corporation and Comcast Cable Communications Management, LLC (collectively, "Comcast" or "Defendants"), are providers of cable, entertainment, and communications products and services in the state of Illinois and are "employers" within the meaning of 29 U.S.C. § 203(d) of the FLSA.

## FACTUAL BACKGROUND

13. Plaintiffs have worked for Defendants as technicians. Their primary duty is to provide cable television, internet and phone services to Defendants' customers. Defendants provide Plaintiffs with tools, equipment and company owned vehicles "COVs" to perform their jobs. Plaintiffs worked in the field out of their COVs. Plaintiffs were classified as "home dispatched" which meant they typically drove their COVs from home directly to their first job each morning and from their last job each day back home.

14. Defendants managed Plaintiffs' work, including the amount of hours worked by their service technicians. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

15. Plaintiffs were classified by Defendants as non-exempt under the FLSA and Illinois wage laws and paid an hourly rate.

16. Despite the requirement to do so, Defendants failed to keep accurate records of the time actually worked by Plaintiffs.

17. Defendants violated federal and state wage and hour laws by failing to pay Plaintiffs for all overtime hours actually worked at a rate of one and one half times their regular rate of pay. Specifically, technicians were not paid for: (1) documented time spent logging into Comcast's routing applications, receiving and reviewing work orders, determining equipment needed to complete assigned jobs, providing estimated times of arrival "ETAs", loading tools and equipment and conducting mandatory safety inspections of their Comcast work vehicles before they left home each work day; (2) time spent working through unpaid meal breaks; and (3) time spent unloading and securing their Comcast work vehicles, meters, tools and equipment and completing their work day.

18. Defendants knew, and were aware at all times, of the above mentioned violations. Specifically, even though Comcast admitted the above listed tasks were compensable work; promised to pay Plaintiffs for such work; and Comcast's own data and records show such work was performed, Comcast refused to pay Plaintiffs for such work.

19. The conduct alleged above reduced Defendants' labor and payroll costs.

20. Plaintiffs were subject to Defendants' uniform policies and practices and were victims of Defendants' scheme to deprive them of regular wages and overtime compensation. As a result of Defendants' improper and willful failure to pay Plaintiffs in accordance with the requirements of Illinois and federal wage and hour laws, Plaintiff suffered lost wages and other damages.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

21. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

22. Section 207(a)(1) of the FLSA states that an employee must be paid overtime equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

23. Plaintiffs worked in excess of 40 hours per week for the Defendants but were not properly paid overtime wages in violation of the FLSA.

24. Through its actions, policies, and practices, Defendants violated the FLSA by regularly and repeatedly failing to compensate Plaintiffs for all actual overtime worked at the proper rate of pay.

25. Defendants also willfully failed to pay wages, overtime pay, and other benefits to Plaintiffs by failing to keep accurate time records to avoid paying Plaintiffs overtime wages and benefits.

26. The foregoing actions of Defendants violated the FLSA.

27. Defendants' actions were willful and not in good faith.

28. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiffs have suffered a loss of income and other damages.

29. Defendants are liable to Plaintiffs for actual damages, liquidated damages, and equitable relief pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

30. Plaintiffs are also entitled to injunctive relief to prevent Defendants from continuing its violation of the FLSA and other appropriate injunctive relief.

## COUNT II

### VIOLATION OF ILLINOIS MINIMUM WAGE LAW

31. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

32. Defendants are "employers" and Plaintiffs are "employees" under Illinois Minimum Wage Law ("IMWL"), 820 ILCS §§ 105 *et seq.*

33. The IMWL requires employers to pay employees minimum wages for all hours worked. Section 105/4(a) of the IMWL requires employers to pay employees 1.5 times their regular rate for all hours worked over 40 hours per workweek. Section 105/12 of the IMWL provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorneys' fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments, and other appropriate relief.

34. Defendants violated the IMWL by regularly and repeatedly failing to properly compensate Plaintiffs for the actual time they worked each week.

35. Defendants violated the IMWL by failing to maintain accurate records of all hours worked by Plaintiffs.

36. Defendants also failed to pay overtime compensation and other benefits to Plaintiffs.

37. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered lost wages and other damages.

38. Plaintiffs are also entitled to injunctive relief to prevent Defendants from continuing their violation of these statutory provisions and other appropriate injunctive relief.

### COUNT III

### VIOLATION OF ILLINOIS WAGE PAYMENT AND COLLECTION ACT

39. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

40. The Illinois Wage Payment and Collection Act ("IWPCA") requires employers to pay employees all wages earned by an employee during a semi-monthly or bi-weekly pay period

no later than 13 days after the end of the pay period in which such wages were earned. The IWPCA also requires employers to pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee.

41. Plaintiffs and Defendants entered into an agreement to pay Plaintiffs for all the time that they worked, including overtime, as required by the IWPCA. Specifically, Comcast promised to pay technicians for all time worked, including overtime, without exception. In its own policies, Comcast explicitly defined "work" time and what tasks start the compensable workday including the following:

- Logging into and out of electronic devices provided by the Company;
- Opening work applications; and
- Performing safety checks.

42. Notwithstanding its promises, Defendants violated the IWPCA by regularly and repeatedly failing to properly compensate Plaintiffs for the actual time they worked each week.

43. Defendants failed to pay overtime and other benefits to Plaintiffs.

44. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered lost wages and other damages.

45. Plaintiffs are also entitled to injunctive relief to prevent Defendants from continuing their violation of these statutory provisions and other appropriate injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, by and through counsel, demand judgment against the Defendants and in favor of Plaintiffs for a sum that will properly, adequately, and completely

compensate Plaintiffs for the nature, extent, and duration of their damages, the costs of this action, and as follows:

    A. Declare and find that the Defendants committed one or more of the following acts:

        i. Violated provisions of the FLSA by failing to pay regular wages, overtime wages, and other benefits to Plaintiffs;

        ii. Willfully violated provisions of the FLSA;

        iii. Violated provisions of the IMWL by failing to pay overtime wages to Plaintiffs; and

        iv. Violated provisions of the IWPCA by failing to pay wages to Plaintiffs.

    B. Award compensatory damages, including all pay owed and wrongful deductions made, in an amount according to proof;

    C. Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid;

    D. Award liquidated damages on all compensation due accruing from the date such amounts were due;

    E. Award all costs and reasonable attorneys' fees incurred in prosecuting this claim;

    F. Grant leave to amend to add claims under applicable state and federal laws;

    G. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

    H. For such further relief as the Court deems equitable and just.

Dated: August 31, 2015                                      Respectfully Submitted,

                                                                */s/ Ryan F. Stephan*
                                                                Stephan Zouras, LLP
                                                                205 N. Michigan Avenue, Suite 2560
                                                                Chicago, Illinois 60601
                                                                312.233.1550
                                                                312.233.1560 f
                                                               rstephan@stephanzouras.com

Noelle Brennan
Noelle Brennan & Associates
20 South Clark Street, Suite 1530
Chicago, Illinois 60603
312.422.0001
312.422.0008 f
www.nbrennan-associates.com

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on August 31, 2015 I electronically filed the attached with the Clerk of the Court using the ECF system which will send such filing to all attorneys of record, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: None.

/s/ Andrew C. Ficzko

SUBSCRIBED AND SWORN
TO BEFORE ME THIS 31ST DAY
OF August, 2015.

_____
Notary Public

My Commision Expires:

August 1, 2018